UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANIS IAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-00187 |
| ) | JUDGE CRENSHAW |
| BOTTOM LINE RECORD ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Janis Ian, both individually and doing business as Taosongs Two, initiated this action against the Bottom Line Record Company ("Bottom Line"), a division of The Bottom Line Theater-Cabaret, Inc., alleging that Bottom Line infringed on her copyright, in violation of 17 U.S.C. §§ 101 et seq., and infringed on her likeness, in violation of Tennessee Code Annotated Section 47-25-1104. (Doc. No. 18.) Bottom Line filed the instant motion to dismiss the amended complaint. (Doc. No. 21.) For the following reasons, Bottom Line's motion to dismiss is **DENIED**.

I. ALLEGATIONS

Ian is a songwriter, performer, and author, who conducts business individually and as Taosongs Two. (Doc. No. 18 at 2.) For decades, Bottom Line contacted Ian's management to solicit her to perform at the Bottom Line Cabaret. (Id.) Ian and her agents, bank accounts, attorneys, business managers, and touring company are all located in Tennessee. (Id.) Bottom Line corresponded in writing with Ian, located in Tennessee, about payments from Bottom Line for performances, royalties, and CD shipments. (Id. at 3.) In 1998, Ian and The Bottom Line Record Company, LLC, entered into an agreement giving The Bottom Line Record Company,

LLC, the right to use some of Ian's performances at the Bottom Line Cabaret. (Id.) These performances were specifically identified in the contract. (Id.) Ian's attorney negotiated this contract from Tennessee. (Id.)

In spring 2015, Ian learned that Bottom Line released an album that includes performances not specifically-identified in the contract. (Id. at 5.) The album is for sale on Bottom Line's website and on www.amazon.com ("Amazon"). (Id. at 4-5.) Taosongs Two holds the copyright interest in the musical composition underlying the sound recording "Stars," contained in the album, and neither Ian nor Taosongs Two has licensed the song to Bottom Line. (Id.) Ian's name and picture is on the cover of the album, and Bottom Line has not requested or received the rights to use Ian's name or likeness in promoting the album with respect to six of the songs. (Id. at 5-6.) After learning of these incidents, Ian's attorney has regularly communicated with Bottom Line's counsel from Tennessee. (Id. at 6.) Bottom Line's counsel sent a letter to Ian's address in Tennessee explaining the parties' disputes. (Id.) On February 25, 2016, Bottom Line sent a check to Ian's counsel in Tennessee for royalty payments and overdue payments regarding these matters. (Id. at 6-7.) Bottom Line still sells the album on the internet to consumers wherever they are found, including Tennessee. (Id. at 7.)

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to file a motion to dismiss for lack of personal jurisdiction. "In a diversity action, the law of the forum state dictates whether personal jurisdiction exists, subject to constitutional limitations." Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005). Tennessee's long-arm statute, Tennessee Code Annotated Section 20-2-214, provides that a Tennessee court may exercise jurisdiction over an out-of-state defendant on "[a]ny basis not inconsistent with the constitution of this state or of the United States." Id. at

(6). Accordingly, the long-arm statute has been consistently construed to extend to the limits of federal due process. Gordon v. Greenview Hosp., Inc., 300 S.W.3d 635, 645 (Tenn. 2009).

The burden of establishing venue falls on the plaintiff, and, as here, on a motion to dismiss for improper venue, the court may examine facts outside of the complaint but "must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." Gone to the Beach, LLC, v. Choicepoint Serv., 434 F. Supp. 2d 534, 536-37 (W.D. Tenn. 2006). If the court finds that venue is improper, it has discretion, under 28 U.S.C. § 1406, to dismiss the case under Federal Rule of Civil Procedure 12(b)(3), or transfer the case to a district where venue is proper. First of Michigan Corp. v. Branlet, 141 F.3d 260, 262 (6th Cir. 1998).

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

III. ANALYSIS

Bottom Line asks the Court to dismiss Ian's amended complaint because: (1) the Court lacks personal jurisdiction; (2) venue is improper; (3) the first-to-file rule requires dismissal; and (4) Ian fails to state a claim upon which relief can be granted.

A. PERSONAL JURISDICTION

Bottom Line alleges that the Court does not have personal jurisdiction over it in this case. (Doc. No. 21 at 3-4.) Ian argues that the Court has specific personal jurisdiction over Bottom Line. (Doc. No. 24 at 5.)

For a court to exercise specific jurisdiction over a defendant, the plaintiff must prove: (1) the defendant purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." Southern Machine Co. v. Mohasco Industs., Inc., 401 F.2d 374, 381 (6th Cir. 1968). The key question is whether the defendant purposefully availed itself. Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550-51 (6th Cir. 2007). A defendant "purposefully avails" itself "by engaging in activity that should provide 'fair warning' that [it] may have to defend a lawsuit there." Youn v. Track, Inc., 324 F.3d 409, 418 (2003) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Here, Bottom Line has purposefully availed itself to Tennessee. The allegations that Bottom Line maintains a website where it can sell the allegedly-infringing material to residents of Tennessee is likely insufficient, by itself, for the Court to exercise personal jurisdiction over Bottom Line without allegations that residents of Tennessee have actually bought the allegedly-

infringing material. See Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 480 (6th Cir. 2003) (holding that the defendant must put the material in the stream of commerce and take some other action toward the forum state). However, the running of the website coupled with Bottom Line's attorneys negotiating and executing a contract via telephone calls, emails, and letters to Ian and her attorneys in Tennessee, is sufficient activity toward Tennessee to constitute purposeful availment. See Air Products and Controls, 503 F.3d at 552 (finding that a defendant purposefully availed itself to the forum state when it contacted the plaintiff in the plaintiff's state for the purpose of placing purchase orders and continuing the parties' business relationship). This cause of action arises out of the contracts negotiated over state lines, and the acts of Bottom Line make the exercise of jurisdiction over it reasonable. Therefore, the motion to dismiss for lack of personal jurisdiction is denied.

B. VENUE

Bottom Line contends that venue is only proper in New York under the copyright venue statute, 28 U.S.C. § 1400(a). (Doc. No. 21 at 3.) Ian contends that venue is proper in this district. (Doc. No. 24 at 11.)

Generally, venue for a civil action is proper under 28 U.S.C. § 1391. Civil suits arising under federal copyright law "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a) (2006). "It is widely accepted that, for the purposes of this venue provision, a defendant is 'found' wherever personal jurisdiction can be properly assessed against it." Bridgeport Music, In. v. Chrysalis Songs, No. 3:01-cv-0701, 2002 WL 34152373, at *4 (M.D. Tenn. Sept. 5, 2002) (citing Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 214 (S.D.N.Y. 1995)). As the Court has already found that it can exercise personal

jurisdiction over Bottom Line, venue is proper in this district. The motion to dismiss for improper venue is denied.

C. FIRST-TO-FILE RULE

Bottom Line asks the Court to dismiss or transfer this case under the first-to-file rule because it filed its suit against Ian in New York before Ian initiated this suit. (Doc. No. 21 at 2.) Ian contends that Bottom Line does not provide any evidence that its suit was filed first, and even if it was, it would be improper to dismiss under that rule because this case involves a coercive claim while the New York action involves a declaratory action. (Doc. No. 24 at 13.) As a preliminary matter, it appears that the New York action was filed on February 4, 2016, at 8:57 am CST, while the instant action was filed on the same day at 4:54 pm CST.

Under the first-to-file rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc., 16 Fed. Appx. 433, 437 (6th Cir. July 31, 2001). This is not a strict rule, and "much more often than not gives way in the context of a coercive action filed subsequent to a declaratory judgment." Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007) (quoting AmSouth Bank v. Dale, 386 F.3d 763, 791 n.8 (6th Cir. 2004)). "A plaintiff, even one who files first, does not have the right to bring a declaratory judgment action in the forum of his choosing. Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." Id. (quoting Zide Sport Shop, 16 Fed. Appx. At 437.)

Here, although Bottom Line filed its suit seven hours and fifty-seven minutes before Ian filed her suit, the Court will not dismiss Ian's coercive suit in favor of Bottom Line's declaratory

6

action suit. The Court finds that Bottom Line filed an anticipatory suit and potentially engaged in forum shopping, which weigh against dismissing this case. Therefore, Bottom Line's motion to dismiss under the first-to-file rule is denied.

D. FAILURE TO STATE A CLAIM

Bottom Line moves to dismiss Ian's complaint for failure to state a claim. (Doc. No. 21 at 4.) Specifically, Bottom Line claims that: (1) Ian did not adhere to the notice requirements of the contract; (2) she did not plead her copyright registration; and (3) her claims are time-barred. (Doc. No. 14 at 13.)

As for Bottom Line's claim that Ian did not adhere to the notice requirements of the contract, so Bottom Line cannot "be deemed to be in default or breach," it is unclear which element of Ian's claim Bottom Line is attacking. (Id. at 14.) Neither Ian's copyright infringement claim nor her Tennessee Personal Rights Protection Act of 1984 claim require Bottom Line to be in default or breach of a contract. Therefore, the motion to dismiss on this ground is denied.

Bottom Line claims that Ian did not plead her copyright registration number, so the case is insufficiently pleaded. (Doc. No. 14 at 14.) Ian argues that she pleaded that she has a copyright interest in the allegedly-infringing material, which is sufficient to survive a motion to dismiss. (Doc. No. 24 at 17.) Bottom Line is correct that Ian must register her copyright claim in the allegedly-infringing material before initiating suit. 17 U.S.C. § 411(a) (2008). Taking the allegations in the complaint as true, Ian pleaded that she "holds the copyright interest in the musical composition underlying the sound recording 'Stars . . . .'" (Doc. No. 18 at 5.) Based on this allegation, the Court finds that the complaint is sufficiently well-pleaded to survive a motion to dismiss.

Bottom Line moves to dismiss Ian's copyright infringement claim because it is time-barred. (Doc. No. 14 at 15.) It alleges that the statute of limitations under the Copyright Act is three years, 17 U.S.C. § 507, which started running when Bottom Line released the album containing her composition "Stars" in 1999. (Id.) Ian claims that she is asserting a copyright infringement claim based on an album released in 2015, so her claims are within the three-year statute of limitations. (Doc. No. 24 at 17.) Ian's complaint alleges that the allegedly-infringing material was on The Bottom Line Archive: Janis Ian, released in 2015. (Doc. No. 1 at 4.) Therefore, the complaint's allegations are sufficiently pleaded to show that the copyright infringement claim is not time-barred.

IV. CONCLUSION

For the foregoing reasons, Bottom Line's motion to dismiss (Doc. No. 21) is **DENIED**. The Court will file an accompanying order.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE